UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TERRI MAHURIN,                       )
                                     )
           Plaintiff,                )
                                     )
    v.                               )    2:13-cv-49-JMS-WGH
                                     )
WALGREEN CO.,                        )
                                     )
           Defendant.                )

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S AMENDED MOTION TO PRECLUDE EVIDENCE OF CAUSATION**

This matter is before me, William G. Hussmann, Jr., United States Magistrate Judge, on Defendant's Amended Motion to Preclude Plaintiff's Treating Physicians or any Medical Expert Proffered by Plaintiff From Providing Opinions as to Causation filed June 19, 2014. (Dkt. 44.) Plaintiff filed her Response opposing the motion on June 24, 2014. (Dkt. 45.) Defendant's Reply supporting the motion was filed on July 1, 2014. (Dkt. 47.)

Being duly advised, I hereby **GRANT in part** and **DENY in part** the motion.

In this case, the Plaintiff, Terri Mahurin, has belatedly disclosed two treating physicians, Dr. Dale Snead and Dr. Christian Glock, as witnesses in this case. They are expected to testify regarding their treatment of Ms. Mahurin after the incident at issue in this suit. Their testimony will include their diagnoses and prognoses relating to Ms. Mahurin's injuries and whether in their opinion Ms. Mahurin's medical condition was caused by the incident at issue in this case. As the Defendant, Walgreen Co., points out, Ms. Mahurin has a complicated medical

history, including surgeries to parts of the body allegedly injured in this incident that occurred as much as ten years before the incident in question here.

Ms. Mahurin did not provide a written report as required by Fed. R. Civ. P. 26(a)(2)(B) and has only belatedly provided what is arguably a disclosure required by Fed. R. Civ. P. 26(a)(2)(C).

There is a difference of opinion among many districts and many judges as to whether opinions of causation rendered by *treating* physicians must be the subject of the written report contemplated by Fed. R. Civ. P. 26(a)(2)(B). I believe the preparation of that report significantly increases the costs of litigation. My experience also suggests that it is rare for a defendant to dispense with the taking of a treating physician's deposition if that treating physician is going to be called at trial on behalf of a plaintiff.

I encourage parties to discuss in their Rule 16 conference, with specificity, whether they will require treating physicians to provide the written report contemplated by Fed. R. Civ. P. 26(a)(2) so that there is no later confusion between the parties about whether such a report is required. That topic is not specifically addressed in the parties' Case Management Plan in this case.

In this particular case, Ms. Mahurin has a complicated medical history. The treating physicians are the persons most likely to be able to advise a jury whether their treatments were for new and different conditions caused by Ms. Mahurin's fall, or merely for exacerbations of a pre-existing condition caused by the fall, or were for symptoms not at all related to the fall. The treating physicians' testimony is critical to the outcome of this case. Because the law is

somewhat unsettled as to whether treating physicians are required to provide such a written report, I conclude that Ms. Mahurin should not be penalized by striking these opinions, so long as the opinions are properly disclosed under Fed. R. Civ. P. 26(a)(2)(C).

I therefore conclude that the motion filed by Walgreen to preclude Ms. Mahurin's treating physicians from providing opinions as to causation is **GRANTED in part** and **DENIED in part**. It is granted to the extent that any other physician who has not been previously disclosed by Ms. Mahurin shall not be allowed to testify as to causation. The motion is denied to the extent that Dr. Snead and Dr. Glock may testify in this case (subject to any appropriate *Daubert* motions). To the extent that Walgreen believes it is prejudiced by the late disclosures, its remedy is to seek to move to continue the current trial date. To the extent Walgreen believes it is prejudiced because it will incur additional costs so that its own retained expert may review these belated disclosures prior to his trial testimony, the Court may later consider whether the additional costs incurred by Walgreen should be taxed as a part of the court costs in this case.

**SO ORDERED.**

**Dated:** July 3, 2014

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**